IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SK HYNIX INC.,

Plaintiff,

v.

BESANG INC.,

Defendant.

Case No. 3:26-cv-00630-JR

FINDINGS AND RECOMMENDATION

RUSSO, Magistrate Judge:

SK Hynix Inc. ("SKH") initiated this action against BeSang Inc. ("BeSang") via a Petition to Confirm Arbitration Award. BeSang failed to timely appear or respond to that petition, or to otherwise seek to modify, vacate, or correct the award. SKH now moves for an order confirming the underlying arbitration award and entering judgment in this case.[1] For the reasons stated herein, SKH's motion should be granted in part.

[1] SKH also requests "an award of attorney fees and costs . . . under 28 U.S.C. § 2412." Mot. Confirm Arb. Award 2 (doc. 14). This statute, which is part of the Equal Access to Justice Act, "authorizes the payment of attorney's fees to a prevailing party in any civil action (other than cases

**BACKGROUND**

As a result of the parties' arbitration proceedings related to a contractual licensing dispute, SKH was awarded $6,455,657.87 via a Final Award dated December 19, 2025. In particular, SKH obtained an award from a three member arbitral tribunal following significant briefing and an evidentiary hearing which "dismissed all of BeSang's claims and requests for relief," and ordered BeSang to: (1) "reimburse [SKH] $343,000 for the [International Chamber of Commerce's] administrative expenses and Tribunal's fees and expenses" and (2) "pay [SKH] $6,112,657.87 for part of the reasonable legal and other costs incurred by [SKH] in the arbitration." Pet. Confirm Arb. Award ¶¶ 9-25 (doc. 1); Jackson Decl. Exs. A-B (doc. 12).

On March 30, 2026, SKH commenced this action. On April 13, SKH "sent by e-mail true copies of the Service Documents" to BeSang's counsel. Jackson Decl. ¶ 4 (doc. 15); Jackson Decl. Ex. 1, at 2 (doc. 15). Two days later, "BeSang was served with the Petition, Summons, and supporting documents by service on the Oregon Secretary of State pursuant to ORCP 7D(3)(b)(ii)(D) (made applicable to this proceeding under FRCP 4(h)) . . . in the manner provided in ORS 60.121." Mem. in Supp. of Mot. Confirm Arb. Award 1 (doc. 14). Thereafter, on April 27, SKH and BeSang's counsel continued to discuss the case, including "potential settlement options." Jackson Decl. ¶ 5 (doc. 15); Jackson Decl. Ex. 1, at 1-2 (doc. 15). SKH then lodged a proof of service. *See generally* Sinnott Decl. (doc. 13). BeSang, however, did not answer or otherwise respond to SKH's initial filing within the time prescribed by the Federal Rules of Civil Procedure.

---

sounding in tort) against the United States, unless the government shows that its position in the underlying litigation was substantially justified." *S.F. v. Bostock*, 2026 WL 1230044, *1 (D. Or. May 5, 2026) (citation and internal quotations omitted). However, BeSang is identified by SKH as "a corporation organized under the laws of the State of Oregon," and SKH does not brief its entitlement to fees and costs beyond the aforementioned sentence. Pet. Confirm Arb. Award ¶ 5 (doc. 1). The Court therefore finds that SKH has not carried its burden in regard to this issue.

## DISCUSSION

Section 9 of the Federal Arbitration Act provides in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. And Section 13 of the Federal Arbitration Act specifies:

> The party moving for an order confirming, modifying, or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk: (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award. (b) The award. (c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application. The judgment shall be docketed as if it was rendered in an action. The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered.

9 U.S.C. § 13.

There is no indication that the arbitral tribunal's Final Award has been vacated under 9 U.S.C. § 10, or modified or corrected under 9 U.S.C. § 11. Further, pursuant to 9 U.S.C. § 9, SKH brought this action within one year of the issuance of the Final Award. The papers required by 9 U.S.C. § 13 are attached as exhibits to the declaration of attorney Martin Jackson, who represented SKH in the underlying privately administered arbitration. Finally, SKH communicated with BeSang about this litigation and the Final Award, but BeSang neglected to timely respond to either the Petition to Confirm Arbitration Award or the present motion.

## RECOMMENDATION

SKH's Motion to Confirm Arbitration Award (doc. 14) should be granted in part as stated herein and judgment should be entered: (1) confirming the Final Award pursuant to 9 U.S.C. § 9; and (2) awarding SKH the total sum of $6,455,657.87, plus post-judgment interest from the date of entry until paid at the interest rate applicable to federal court judgments, pursuant to 9 U.S.C. § 13 and 28 U.S.C. § 1961.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 11th day of June, 2026.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge