**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **SK HYNIX INC.**,<br><br>Petitioner,<br><br>v.<br><br>**BESANG INC.**,<br><br>Respondent. | Case No. 3:26-cv-630-JR<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation ("F&R") in this case on June 11, 2026. Judge Russo recommended that this Court grant in part Petitioner's Motion to confirm Arbitration Award, and enter a judgment confirming the arbitration award pursuant to 9 U.S.C. § 9 and awarding Petitioner the total sum of $6,455,657.87, plus post-judgment interest. Judge Russo further recommended denying Petitioner's request for attorney's fees under 28 U.S.C. § 2412, because that statute does not apply.

Petitioner filed a limited objection, stating only that it should be able to file a motion for attorney's fees and costs after a judgment is entered under Rule 54(d)(2) of the Federal Rules of Civil Procedure. Nothing in the F&R, however, precludes Petitioner from filing such a motion.

Judge Russo did not reach that issue. Petitioner is free to file a post-judgment motion and argue why it is entitled to attorney's fees and costs under Rule 54(d)(2). The actual findings and recommendation within the F&R, however, are without objection.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections to the substance of the F&R, the Court follows the recommendation of the Advisory Committee and reviews Judge Russo's F&R for clear error on the face of the record. No such error is apparent.[1]

The Court ADOPTS Judge Russo's Findings and Recommendation, ECF 17. The Court GRANTS IN PART Petitioner's Motion for Order Confirming Arbitration Award and Entry of Judgment, ECF 14. The Court shall enter a judgment concurrently herewith that confirms the Final Award from the arbitration and awards Petitioner the total sum of $6,455,657.87, plus post-judgment interest. Petitioner is not entitled to attorney's fees under 28 U.S.C. § 2412 but Petitioner may file a post-judgment motion under Rule 54(d) within 14 days of the entry of judgment.

**IT IS SO ORDERED.**

DATED this 25th day of August, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

[1] Judge Russo noted in the Findings and Recommendation that Respondent had not yet appeared. After the findings and Recommendation was entered, an attorney for Respondent appeared in this action. ECF 20. Respondent, however, filed no substantive document.